## F. D. West, Appellee, v. Ranney Refrigerator Company, Appellant.

## Gen. No. 17,788.

1. SALES—*instructions.* In an action for failure of defendant to comply with a contract for the purchase of certain goods of plaintiff, where the contract provides that defendant agrees to purchase certain goods in a specified time, it is proper to refuse an instruction that plaintiff must prove that defendant made a demand upon him for the goods and if defendant failed to make that demand he should be found not guilty.

2. SALES—*instructions.* It is proper to refuse an instruction that plaintiff failed to prove that he did not deliver to the defendant certain mechanisms in a certain time and therefore defendant should be found ''not guilty,'' where action is brought for failure to comply with a contract providing that defendant agrees to purchase certain mechanisms of plaintiff and the evidence tends to prove that defendant refused to take the mechanisms.

3. EVIDENCE—*question as to capital stock of defendant company.* In an action against defendant company for failure to comply with a contract providing for the purchase of certain mechanisms of plaintiff, it is error to permit a question which resulted in an answer as to the amount of the capital stock of defendant, but it does not require reversal.

Appeal from the Municipal Court of Chicago; the HON. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed June 24, 1913.

Bowles & Bowles, for appellant.

Dellenback, Riese & Cody, for appellee.

Mr. Justice Clark delivered the opinion of the court.

Judgment was rendered against the appellant (defendant) upon a claim of the appellee (plaintiff) based upon the failure of the former to comply with the provisions of a contract, with respect to the purchase from the plaintiff of 1,500 complete "scale mechanisms."

It appears that 600 scales had been made by the plaintiff and received and paid for by the defendant. There was evidence tending to show that the plaintiff suffered damages by loss of profits in the sum of $2,190, and a verdict of the jury was rendered in that amount, upon which verdict judgment was entered.

We are asked to reverse this judgment without remanding the cause, on the alleged ground that there was no evidence tending to support the verdict. It is also said that the court erred in rulings on the admission of testimony, and in the charge to the jury.

By the terms of the contract the plaintiff undertook to give to the defendant the sole and exclusive right to use and sell his "improved scale," as disclosed and claimed in a certain application for letters patent mentioned in the contract. He further agreed to furnish defendant on or before November 1, 1908, and upon demand thereafter, complete scale mechanisms and to deliver the same at defendant's factory at Greenville, Mich., at the rate of $2.50 each, each scale mechanism to include all metal parts of the scale except the table or ice rack, and to have a maximum capacity of 200 pounds. He further agreed to protect the defendant from suits for infringement. Defendant undertook to purchase and pay for 600 complete scale mechanisms on or before August 1, 1909, and to pay therefor the sum of $1,500 in cash or to give its note. There are other provisions in the agreement. The

fifth, being the one upon which recovery was had, reads as follows:

"Furthermore, said Company agrees to purchase from said West fifteen hundred (1,500) said complete scale mechanisms within the period of time beginning August 1st, A. D. 1909 and ending August 1st, A. D. 1910, and to pay to said West immediately upon delivery thereof the sum of Thirty-Seven Hundred and Fifty ($3,750) dollars, at the rate of two dollars and fifty cents each ($2.50) in cash or by ninety (90) day note bearing six per cent (6%) interest."

It is argued by the defendant that no recovery in this case should have been allowed because, as it is alleged, the contract is severable, and the proof, it is claimed shows that the 600 scales delivered were not made in accordance with the contract, and that therefore the defendant was released from any obligation to purchase more under the contract. It is said the scales which were delivered did not have a maximum capacity of 200 pounds, as required by the contract.

In the letters in the record, written by the defendant to the plaintiff, with respect to the scales delivered, we find no suggestion that they were not in accordance with the contract, but, on the other hand, intimations that the understanding of the defendant was that they would be made of any size that might be specified by the defendant from time to time. In letters to some of its customers the defendant wrote to the effect that the weighing device in their refrigerators had proved very satisfactory, that they were absolutely accurate and filled all requirements; to others, that they would weigh correctly within a half pound or a pound, etc., and that that was near enough for ice scales.

With respect to the charge given to the jury it should be said that the court, before the jury retired, gave to counsel opportunity to make objections, rule 8 of the Municipal Court requiring that objections to the giving or refusing of oral instructions be made immediately upon the giving of the charge and before the

jury retire.  Counsel for defendant said he had no objections to make.  He thereupon asked the court to charge the jury "on the question that the plaintiff must prove by a preponderance of the evidence that the defendant made a demand upon the plaintiff, between the period of August 1, 1909, and August 1, 1910, for 1,500 scale mechanisms, and if he failed to make that demand that they should find the defendant not guilty."  This requested instruction was properly refused, because the case being one upon a contract, it would not have been, under any circumstances, a proper verdict to find the defendant "not guilty," and for the further reason that it was not necessary that there be proof that the defendant had made a demand upon the plaintiff in order that the plaintiff might recover under paragraph five of the contract.

A second instruction was requested to the effect that the plaintiff had failed to prove by a preponderance of the evidence that the plaintiff did not deliver to the defendant 1,500 scale mechanisms in the period mentioned, and that therefore the defendant should be found "not guilty."  This instruction was also properly refused.  The basis of the plaintiff's claim was that the defendant had refused to comply with the terms of the contract, and the testimony, both on behalf of the plaintiff as well as on behalf of the defendant, tended to show that the defendant refused to take the scale mechanisms as required by said fifth paragraph.

Two other instructions were asked, but bore on the same matter, and we think were properly refused.  The court permitted a question to be asked, which resulted in the answer by one of the witnesses to the effect that the capital stock of the defendant was $50,000.  The objection should have been sustained, but we do not think the error so serious as to require a reversal of the judgment.  The judgment will be affirmed.

*Affirmed.*